IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 18-1072

_____

FILED

**June 3, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel. VANDERRA RESOURCES, LLC,
Petitioner

v.

THE HONORABLE DAVID W. HUMMEL, JR., Judge of the Circuit Court
of Marshall County, West Virginia; CHESAPEAKE APPALACHIA, LLC;
and KANAWHA STONE COMPANY, INC.,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRITS DENIED
_____

Submitted: April 23, 2019
Filed: June 3, 2019

Avrum Levicoff, Esq.
Edward I. Levicoff, Esq.
The Levicoff Law Firm, P.C.
Pittsburgh, Pennsylvania
Counsel for the Petitioner

Jeffrey V. Mehalic, Esq.
Law Offices of Jeffrey V. Mehalic
Morgantown, West Virginia
Counsel for the Respondent, Chesapeake
Appalachia, L.L.C.

John H. Tinney, Jr., Esq.
John K. Cecil, Esq.
Hendrickson & Long, PLLC
Charleston, West Virginia
Michael P. Markins, Esq.
Cipriani & Werner, PC
Charleston, West Virginia
Counsel for Respondent, Kanawha Stone
Company, Inc.

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1."  Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

2.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1997).

3. "'Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.' Syl. Pt. 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981)." Syllabus Point 1, *State ex rel. Cooper v. Tennant*, 229 W.Va. 585, 730 S.E.2d 368 (2012).

4. "Although our standard of review for summary judgment remains *de novo*, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syllabus Point 3, *Fayette County Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997).

5. "A circuit court's order denying summary judgment on qualified immunity grounds on the basis of disputed issues of material fact must contain sufficient detail to permit meaningful appellate review. In particular, the court must identify those material facts which are disputed by competent evidence and must provide a description of the competing evidence or inferences therefrom giving rise to the dispute which preclude summary disposition." Syllabus Point 4, *W. Va. Dep't of Health and Human Resources v. Payne*, 231 W. Va. 563, 746 S.E.2d 554 (2013).

6. "A circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine." Syllabus Point 2, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009).

7. "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syllabus Point 8, *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W. Va. 160, 133 S.E.2d 770 (1963).

8. "A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and

conclusions of law in non-appealable interlocutory orders."  Syllabus Point 6, *State ex rel.*

*Allstate v. Gaughan*, 203 W.Va. 358, 508 S.E.2d 75 (1998).

WALKER, Chief Justice:

Chesapeake Appalachia, LLC (Chesapeake) hired Vanderra Resources, LLC (Vanderra) to implement a stabilization plan after landslides occurred during the construction of one of Chesapeake's shale drill pads in Marshall County, West Virginia. Eventually, after additional landslides occurred, Chesapeake sued Vanderra and several other companies to recover its costs incurred in repairing the drill pad. Vanderra's motion for summary judgment was denied on the basis that genuine issues of material fact exist. In this action for writ of prohibition, or alternatively mandamus, Vanderra contends that the circuit court's order was clearly erroneous and an abuse of the court's power because it lacked any factual or evidentiary findings. Because the circuit court's denial of summary judgment was an interlocutory ruling, we find no error and deny Vanderra's request for extraordinary relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vanderra is a reclamation contractor hired in August 2011 by Chesapeake to implement a stabilization plan at one of Chesapeake's Marcellus shale drill pads located in Marshall County, West Virginia. Respondent Kelly Surveying surveyed the site, plotted the natural gas drill pad, and prepared drawings. Respondent Kanawha Stone was hired to construct the drill pad in accordance with Kelly's Surveying's design. Vanderra claims it worked according to a plan prepared by GAI Consultants. While Vanderra implemented the plan, additional earth movement and landslides occurred. Chesapeake then hired a new geotechnical engineering consultant, AMEC Environmental & Infrastructure (AMEC), to

1

draft a new stabilization plan. AMEC prepared a plan and subcontracted its own reclamation contractor, Vecellio & Grogan, to implement it. So, Vanderra left the project in December 2011.[1] Slope stabilization continued for the next nine months, during which more earth movement occurred. Remediation work ended at the site in September 2012.

In February 2013, Chesapeake filed suit against Vanderra, Kanawha Stone, Kelly Surveying and five unnamed "John Does" to recover its costs incurred in repairing the collapsed drill pad following the landslides. Chesapeake hired geotechnical engineering expert Christopher Grose of Potesta Engineers and Environmental Consultants to determine the cause of the landslide activity. On November 19, 2014, Mr. Grose issued his expert report setting out a chronology of the landslides, the resulting damages, and his conclusions regarding the contributing factors causing the landslides. Vanderra claims that Mr. Grose's report fails to show that its actions or omissions caused or contributed to the landslides, that it defaulted on its contractual obligations, or that its conduct fell below any applicable standard of care. Rather, according to Vanderra, Mr. Grose's report focuses on the activities of other parties.

---

[1] Vanderra filed for bankruptcy in September 2012 and accordingly, this litigation was stayed under 11 U.S.C. § 362. By a stipulated order, the bankruptcy stay was modified to the extent of Vanderra's applicable liability insurance proceeds.

Following extensive discovery, Vanderra and other parties filed motions for summary judgment.[2] Following oral argument, the circuit court directed the parties to submit proposed findings of fact and conclusions of law. In its brief order denying summary judgment, the circuit court recited the applicable standards for granting summary judgment under Rule 56 of the West Virginia Rules of Civil Procedure and found that none of the parties had met that standard. Rejecting the proposed orders submitted by the parties, the court stated that "the proposed orders submitted on behalf of all parties respectfully go too far as to what the parties would have the Court rule regarding proposed findings of fact. Accordingly, the Court declines to accept and enter any of the submitted proposed orders." The circuit court determined that genuine issues of material fact exist as to each of Chesapeake's causes of action.

## II. STANDARD OF REVIEW

Vanderra asserts that the circuit court's order is clearly erroneous as a matter of law and thus constitutes an abuse of the trial court's power. But we have clearly stated that extraordinary remedies are reserved for "really extraordinary causes."[3] As we have explained, "a writ of prohibition will not issue to prevent a simple abuse of discretion by a

---

[2] Defendants Vanderra, Kelly Surveying and Kanawha Stone each filed motions for summary judgment. Plaintiff Chesapeake filed a cross-motion for partial summary judgment against all defendants.

[3] *Am. El. Power Co. v. Nibert*, 237 W. Va. 14, 19, 784 S.E.2d 713, 718 (2016) (citing *State ex rel. Suriano v. Gaughan*, 198 W.Va. 339, 345, 480 S.E.2d 548, 554 (1996) (internal quotations and citations omitted).

trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1."[4]   And, they are not available in routine circumstances.  Rather,

> this Court will use prohibition . . . to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.[5]

With that background, we examine the following factors when considering a writ of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first

---

[4] Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). *See also* Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953) ("Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.").

[5] Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Grp., Inc. v. King*, 233 W.Va. 564, 759 S.E.2d 795 (2014).

4

impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[6]

Vanderra alternatively seeks a writ of mandamus, asserting that the circuit court disregarded its clear-cut obligation to set forth factual findings and legal analysis to provide a basis for its ruling.  In determining whether to issue a writ of mandamus, we have stated:

> Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.[7]

Mindful of these standards, we proceed to consider the parties' arguments.

## III.  ANALYSIS

Vanderra seeks an extraordinary writ to set aside the circuit court's order denying summary judgment because the circuit court should have included factual and evidentiary findings sufficient to elucidate to both the parties and the reviewing court the basis for its ruling.  It also maintains that the evidence did not present any genuine issues

---

[6] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1997).

[7] Syl. Pt. 1, *State ex rel. Cooper v. Tennant*, 229 W.Va. 585, 730 S.E.2d 368 (2012) (quoting Syl. Pt. 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981)).

of fact warranting trial, and that there is no applicable insurance coverage for Chesapeake's claims against it. We will first address its argument regarding the sufficiency of the circuit court's findings.

Vanderra contends that whether a circuit court grants or denies a motion for summary judgment, it must set out factual findings sufficient to elucidate to both the parties and the reviewing court the basis for its ruling. It asserts that the circuit court's order in this case departs from this Court's jurisprudence regarding the required content of summary judgment orders, as set forth in *Fayette County National Bank v. Lilly*[8] and *West Virginia Department of Health and Human Resources v. Payne*.[9] In response, Chesapeake distinguishes the cases cited by Vanderra and asserts that neither factual nor evidentiary findings were required under this Court's precedent. It contends that the relief sought here is not warranted because the order denying motions for summary judgment was interlocutory and thus, appellate review is improper at this stage of the proceeding.

Rule 52(a) of the West Virginia Rules of Civil Procedure states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivision (c) of this rule."

---

[8] 199 W. Va. 349, 484 S.E.2d 232 (1997).

[9] 231 W. Va. 563, 746 S.E.2d 554 (2013). Respondent Kanawha Stone filed a summary response concurring with Vanderra's arguments on this issue.

However, "[t]his Court qualified Rule 52(a) with respect to Rule 56 summary judgment orders in syllabus point 3 of *Fayette County Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997)[.]"[10]  In *Lilly*, reviewing a lower court's grant of summary judgment bereft of findings necessary to permit meaningful appellate review, this Court held:

> Although our standard of review for summary judgment remains de novo, a circuit court's order *granting* summary judgment must set out factual findings sufficient to permit meaningful appellate review.  Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.[11]

In assessing the adequacy of the circuit court's order granting summary judgment in *Lilly*, we acknowledged that "[t]he requirement for findings of fact and conclusions of law '[i]n all actions tried upon the facts without a jury . . .' under Rule 52(a) of the West Virginia Rules of Civil Procedure, does not apply to motions made under Rule 56."[12]  Although we previously indicated that "it would be totally improper for the trial court to make findings of fact in connection with granting a summary judgment, as the very nature of summary judgment is that there is no genuine issue of material fact, entitling the moving party to judgment as a matter of law,"[13] we explained in *Lilly* that Justice Cleckley

---

[10] *State ex rel. Allstate v. Gaughan*, 203 W.Va. 358, 366, 508 S.E.2d 75, 83 (1998).

[11] *Lilly* at Syl. Pt. 3 (emphasis added).

[12] *Id.* at 353, 484 S.E.2d at 236 (quoting *Bauer Enterprises, Inc. v. Frye*, 181 W.Va. 234, 237, 382 S.E.2d 71, 74 (1989)).

[13] *Chapple v. Fairmont General Hosp., Inc.*, 181 W. Va. 755, 762, 384 S.E.2d 366, 373 (1989).

nonetheless appropriately qualified this area in *Gentry v. Mangum*,[14] where we said that "on summary judgment, a circuit court must make factual findings sufficient to permit meaningful appellate review."[15] We therefore narrowly departed from the pronouncement in Rule 52(a) on findings of fact and conclusions of law with respect to grants of summary judgment.[16] In doing so, we stated:

> We are fully cognizant that a majority of jurisdictions do not require trial courts to set out findings in orders granting summary judgment. It was said by the court in *Owens v. Rado*, 659 So.2d 87, 92 (Ala.1995) that "a court should not enter a summary judgment if, to enter a judgment, the court must make findings of fact." The position taken in *Owens* is consistent with the majority approach to this issue. We believe this approach is grounded in blind adherence to fictional legal form, that sacrifices concrete legal substance. Requiring that meaningful findings be set out in orders granting summary judgment does not somehow transform circuit court's [sic] into triers of fact—engaging in weighing and credibility determinations that are prerequisites for disputed jury facts. In reviewing a circuit court's order granting summary judgment this Court, like all reviewing courts, engages in the same type of analysis as the circuit court. That is "'we apply the same standard as a circuit court,' reviewing all facts and reasonable inferences in the light most favorable to the nonmoving party."[17]

---

[14] 195 W.Va. 512, 466 S.E.2d 171 (1995).

[15] *Id*. at 521, 466 S.E.2d at 180.

[16] *Lilly,* 199 W. Va. at 353, 484 S.E.2d at 236.

[17] *Id.* at 353, n.8, 484 S.E.2d at 236, n.8 (quoting *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd*., 196 W.Va. 692, 698, 474 S.E.2d 872, 878 (1996) (internal citations omitted)).

8

In crafting this requirement for orders granting summary judgment, we also explained that meaningful findings are necessary:

> Of course, we are not requiring circuit courts to render the elaborate findings that are the standard for this Court's opinions; but, we are requiring meaningful findings that will guide our review of decisions granting summary judgment. The circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting or denying summary judgment. "To be clear, being explicit about its reasoning not only assists the hearing tribunal in analyzing legal claims and the equities of the situation, but also facilitates appellate review."[18]

Subsequently, in *West Virginia Department of Health and Human Resources v. Payne*,[19] which involved a circuit court's denial of summary judgment based on a qualified immunity defense, we held:

> A circuit court's order denying summary judgment on *qualified immunity grounds* on the basis of disputed issues of material fact must contain sufficient detail to permit meaningful appellate review. In particular, the court must identify those material facts which are disputed by competent evidence and must provide a description of the competing evidence or inferences therefrom giving rise to the dispute which preclude summary disposition.[20]

In reaching this holding, this Court stated, in dicta,

---

[18] *Id.* (quoting *Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996)).

[19] 231 W. Va. 563, 746 S.E.2d 554.

[20] *Id*. at Syl. Pt. 4 (emphasis added).

both the holding [in Syllabus Point 3 of *Lilly*] and our cases discussing it make clear that a lower court's factual findings when ruling on summary judgment—whether denying or granting—must be sufficient to elucidate to this Court the basis for its ruling. In fact, in *Lilly*, this Court stated that "the circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting *or denying* summary judgment."[21]

Despite the clear language in Syllabus Point 4 of *Payne* limiting the requirement for detailed findings to denials of summary judgment on qualified immunity grounds, Vanderra points to the dicta in *Payne* and in *Lilly* to argue that circuit courts are required to provide such findings in all orders denying summary judgment. Admittedly, the dicta in these cases unnecessarily confuses the issue. However, we have made it clear that the language utilized in our syllabus points, rather than our dicta, is controlling. As we have repeatedly stated, ". . . [n]ew points of law . . . will be articulated through syllabus points as required by our state constitution."[22] Thus, if this Court were to create such a requirement, it would do so in a syllabus point and not in dicta. This language should

---

[21] *Id.* at 569, 746 S.E.2d at 560 (quoting *Lilly*, 199 W.Va. at 354, 484 S.E.2d at 237 (emphasis added)).

[22] Syl. Pt. 2, in part, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001), *overruled on other grounds by State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303 (2014); *see also Wolfe v. Adkins*, 229 W.Va. 31, 40, 725 S.E.2d 200, 209 (Davis, J. concurring, in part, and dissenting, in part) ("The adoption of a new syllabus point correspondingly presupposes that the subject case also presents a new factual predicate that the Court has not previously had occasion to consider and that the new syllabus point is necessary to explain how the law applies to the fact pattern then before the Court.").

therefore be considered obiter dicta which, by definition, is language "unnecessary to the decision in the case and therefore not precedential."[23]

Syllabus Point 3 of *Lilly* specifically addressed orders granting summary judgment. And, importantly, *Payne* was properly reviewable by this Court because under *Robinson v. Pack*,[24] "[a] circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine."[25] In *Pack*, we addressed the narrow issue of whether a trial court's denial of qualified immunity is subject to immediate appeal. In determining that a ruling on the availability of qualified immunity fell within a narrow category of orders that are subject to permissible interlocutory appeal due to the need for early resolution of immunity rulings, we acknowledged:

> Objections to allowing an appeal from an interlocutory order are typically rooted in the need for finality. The provisions of West Virginia Code § 58-5-1 (2005) establish that appeals may be taken in civil actions from "a final judgment of any circuit

---

[23] Black's Law Dictionary 1100 (10th Ed.). *See also State ex rel. Medical Assurance v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003) ("language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.'"); *Estate of Tawney v. Columbia Natural Resources, L.L.C.*, 219 W.Va. 266, 273, 633 S.E.2d 22, 29 (2006)("when new points of law are announced . . . those points will be articulated through syllabus points as required by our state constitution." Syllabus Point 2, in part, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001). The comments relied upon by CNR are dicta insofar as they are not necessary to our decision in *Wellman*.")

[24] 223 W. Va. 828, 679 S.E.2d 660 (2009).

[25] *Pack* at Syl. Pt. 2.

court or from an order of any circuit court constituting a final judgment." *Id*. Justice Cleckley elucidated in *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), that "[t]his rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]'" 193 W.Va. at 292, 456 S.E.2d at 19 (quoting *U.S. v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982)). Exceptions to the rule of finality include "interlocutory orders which are made appealable by statute or by the West Virginia Rules of Civil Procedure, or . . . [which] fall within a jurisprudential exception" such as the "collateral order" doctrine. *James M.B.*, 193 W.Va. at 292–93, 456 S.E.2d at 19–20; *accord Adkins v. Capehart*, 202 W.Va. 460, 463, 504 S.E.2d 923, 926 (1998) (recognizing prohibition matters, certified questions, Rule 54(b) judgment orders, and "collateral order" doctrine as exceptions to rule of finality).[26]

Thus, because *Payne* involved an interlocutory ruling subject to immediate appeal, we necessarily required these specific types of orders, as we did in *Lilly*, to contain sufficient detail to permit meaningful appellate review.[27] To the extent that the dicta in *Payne* and *Lilly* confuses the issue of whether findings are necessary in an interlocutory denial of summary judgment, we take this opportunity to make it clear that under Rule 52(a) of the West Virginia Rules of Civil Procedure, they are not.

---

[26] *Id.* at 832, 679 S.E.2d 660 (footnote omitted).

[27] We subsequently extended our holding in *Lilly* to require such findings in cases involving grants of partial summary judgment. *See* Syl. Pt. 4, *Toth v. Board of Parks and Recreation Com'rs*, 215 W. Va. 51, 593 S.E.2d 576 (2003). Likewise, we have stated that where "the order denying one party's motion for summary judgment simultaneously grants summary judgment to another party, such an order is final and appealable." *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 100, 576 S.E.2d 807, 827 (2002).

In this case, the order denying summary judgment does not fall within the narrow category of orders discussed above. Rather, because it is not predicated on any application of qualified immunity, and it is not immediately appealable, it is merely interlocutory in nature. As we clearly stated in Syllabus Point 8 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, "[a]n order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable."[28] And, we recognized in *State ex rel. Allstate Insurance Company v. Gaughan*, that as a general rule, a trial court is under no duty to make findings on an interlocutory order.[29] For these reasons, detailed findings of fact accompanying the denial of summary judgment in this case were not required and the circuit court has not exceeded its legitimate powers.

We recognized in *Gaughan* that Rule 52(a) posed problems when litigants filed extraordinary writs to challenge a trial court's interlocutory order, so we determined that "the general rationale for requiring findings be set out in appealable interlocutory orders, supports a requirement that findings be clearly set forth in non-appealable

---

[28] 148 W. Va. 160, 133 S.E.2d 770 (1963). *See also* Syl., *Wilfong v. Wilfong*, 156 W.Va. 754, 197 S.E.2d 96 (1973) ("The entry of an order denying a motion for summary judgment made at the close of the pleadings and before trial is merely interlocutory and not then appealable to this Court.").

[29] 203 W. Va. at 367, 508 S.E.2d at 84.

13

interlocutory orders presented to this Court through extraordinary writs."[30]  Addressing this

circumstance, we held in Syllabus Point 6 that:

> A party seeking to petition this Court for an extraordinary writ
> based upon a non-appealable interlocutory decision of a trial
> court, must request the trial court set out in an order findings
> of fact and conclusions of law that support and form the basis
> of its decision.  In making the request to the trial court, counsel
> must inform the trial court specifically that the request is being
> made because counsel intends to seek an extraordinary writ to
> challenge the court's ruling.  When such a request is made, trial
> courts are obligated to enter an order containing findings of fact
> and conclusions of law.  Absent a request by the complaining
> party, a trial court is under no duty to set out findings of fact
> and conclusions of law in non-appealable interlocutory
> orders.[31]

The underlying policy concern of *Gaughan* was that trial courts should not

be forced to routinely set out detailed findings in interlocutory orders because this

requirement would be "unduly burdensome and a waste of valuable judicial time."[32]  To

avoid imposing this burden on trial courts, "*Gaughan* crafted a solution that would require

interlocutory orders set out detailed findings only when a party intended to challenge that

order by filing a petition with this Court for an extraordinary writ."[33]

---

[30] *Id.* at 368, 508 S.E.2d at 85.

[31] *Id.* at Syl. Pt. 6.

[32] *See State ex rel. State of W. Va. Dep't of Transp., Div. of Highways v. Cookman*, 219 W. Va. 601, 618, 639 S.E.2d 693, 710 (2006) (Davis, C.J., dissenting.)

[33] *Id.*

14

Applying these principles in this case, Vanderra should have informed the circuit court in advance that it intended to file a petition for a writ with this Court and requested a detailed order. Only at that point would the circuit court have been obligated to make such findings. Absent Vanderra's request, the circuit court was under no duty to set out these findings in its order denying summary judgment. Because this Court does not have an order before it containing detailed findings explaining the facts and evidence on which the circuit court based its ruling on the substantive issues Vanderra now argues, we have no means to ascertain the rationale underlying its denial of summary judgment and determine whether the factors for issuing an extraordinary writ have been met. For these reasons, we conclude that the rule to show cause was improvidently granted and the requested alternative writs are denied.[34]

---

[34] Nothing in this Opinion prevents Vanderra from requesting that the circuit court enter an interlocutory order under *Gaughan*. However, we remind the parties that a writ of prohibition is an extraordinary remedy to be utilized in extremely limited instances. "It is well established that prohibition does not lie to correct mere errors and cannot be allowed to usurp the functions of appeal, writ of error, or certiorari. . . ." *Handley v. Cook*, 162 W.Va. 629, 631, 252 S.E.2d 147, 148 (1979) (citations omitted). Thus, Vanderra's allegations must amount to more than ordinary legal errors, which we typically review by way of appeal, and not in the context of prohibition proceedings. *See also* Syl. Pt. 3, in part, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 ("Prohibition . . . may not be used as a substitute for [a petition for appeal] or certiorari." (internal quotations and citation omitted)); *State ex rel. Maynard v. Bronson*, 167 W.Va. 35, 41, 277 S.E.2d 718, 722 (1981) ("[P]rohibition cannot be substituted for a writ of error or appeal unless a writ of error or appeal would be an inadequate remedy." (citations omitted)); *State ex rel. Casey v. Wood*, 156 W.Va. 329, 334–35, 193 S.E.2d 143, 146 (1972) (same); *Fisher v. Bouchelle*, 134 W.Va. 333, 335, 61 S.E.2d 305, 306 (1950) (same); *County Court v. Boreman*, 34 W. Va. 362, 366, 12 S.E. 490, 492 (1890) (A writ "does not lie for errors or grievances which

15

## IV. CONCLUSION

We find nothing in the record to show that the circuit court exceeded its legitimate powers when it issued its July 30, 2018 order denying summary judgment. Accordingly, the requested alternative writs of prohibition and mandamus are denied.

Writs denied.

---

may be redressed in the ordinary course of judicial proceedings, by appeal or writ of error.").