# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Christopher
Chafin, M.D. and Cheat Lake Urgent
Care, PLLC,
Petitioners**

**FILED
March 17, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 20-0685** (Monongalia County 16-C-547)

**The Honorable Susan B. Tucker, Judge of the
Circuit Court of Monongalia County, David Anderson,
Brian Boal, Boal & Associates, P.C., Gillen
Enterprises, LLC, Affordable Contractors, LLC,
and Build It, LLC,
Respondents**

## MEMORANDUM DECISION

This is a petition for writ of prohibition in which petitioners seek to preclude the Circuit Court of Monongalia County from enforcing an order striking their expert, Charles Russo, and precluding his testimony at trial.[1] Petitioners set forth various arguments in support of their position that the circuit court clearly erred and exceeded its legitimate powers by barring their expert witness from trial.

This Court has considered the parties' briefs, oral arguments, and the appendix record.  Upon consideration of the standard of review and the applicable law, the Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision denying the request for extraordinary relief is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On or about October 27, 2016, Dr. Christopher Chafin filed a civil action against Dr. David Anderson alleging that Dr. Anderson embezzled funds from Cheat Lake Urgent Care, PLLC, which was a professional limited liability company of which both were part owners.[2] Thereafter, Dr. Chafin filed an Amended Complaint naming Brian R. Boal and Boal and Associates, P.C. (hereinafter "Boal") who had provided accounting services to Cheat Lake Urgent

---

[1] Petitioners are represented by Jason Wingfield, Esq. and James A. Gianola, Esq., Morgantown, West Virginia.  Respondents Brian Boal and Boal & Associates, P.C. are represented by Avrum Levicoff, Esq., Pittsburgh, Pennsylvania.  Respondent David Anderson is represented by Raymond H. Yackel, Esq., Morgantown, West Virginia.

[2] According to petitioners, Cheat Lake Urgent Care, PLLC is a now-dissolved Professional Limited Liability Company that formerly provided medical services in the Morgantown, West Virginia area.

1

Care, PLLC and Dr. Chafin, as defendants, alleging that they failed to discover that Dr. Anderson was embezzling funds from Cheat Lake Urgent Care and also that they failed to ensure payment of his personal income taxes.

The circuit court entered a Scheduling Order on December 6, 2018, which required petitioners "to disclose trial experts" on or before May 1, 2019. On May 1, 2019, petitioners disclosed two expert witnesses: Andrew Smith, CPA, and Charles J. Russo, PhD, CPA. In addition to disclosing the names of their expert witnesses, petitioners provided a curriculum vitae for each expert witness. Further, petitioners' disclosure provided as follows with respect to Andrew Smith: "[p]laintiffs believe that this expert will testify to the standard of care accounting professionals owe to client and industry practices. Further, it is anticipated that this expert will testify to a review of accounting practices performed in the subject matter and his opinions based upon that review." With respect to Charles J. Russo, the disclosure provided:

> Plaintiffs believe that this expert will testify to the standard of care accounting professionals owe to client and industry practices. Further, it is anticipated that this expert will testify to a review of accounting practices performed in the subject matter and his opinions based upon that review. Moreover, this expert will provide a value for the lost income and lost opportunity costs associated with the negligence and embezzlement and the effect on the Plaintiffs.

On June 19, 2019, the circuit court entered an Amended Scheduling Order, which required the "[p]arty with the burden of proof to supplement trial experts' opinions" on or before August 9, 2019. On the day prior to this deadline, a hearing was held to discuss various discovery disputes. On August 14, 2019, the circuit court entered a Second Amended Scheduling Order, which did not change the deadline by which the petitioners were required to supplement their trial experts' opinions.[3] It is undisputed that petitioners did not file a supplement to their trial experts' opinions on or before August 9, 2019.

On October 23, 2019, petitioners disclosed a preliminary report of Andrew Smith, CPA, whom they had identified as their expert who would establish the embezzlement. As for Mr. Russo, counsel for petitioners indicated that his report would be provided "once he receives the final report from Smith." On November 7, 2019, counsel for Boal notified petitioners that they objected to the timeliness of the production of expert reports and that they reserved their right to seek the appropriate relief from the circuit court.

On or about February 4, 2020, Boal filed a motion in limine seeking to preclude petitioners from introducing any expert testimony at trial. The final report of Andrew Smith, CPA was disclosed on March 17, 2020. On or about April 17, 2020, the trial and pretrial were continued generally due to the COVID-19 pandemic.

---

[3] By the time that the Second Amended Scheduling Order was entered, the deadline for petitioners to supplement their trial experts' opinions had already passed.

Petitioners served Mr. Russo's expert report in June of 2020. On or about July 13, 2020, Boal filed a "Motion to Strike Plaintiffs' Expert Disclosure" based on the untimeliness of the report and alleged inadequacies in the report.

On August 3, 2020, a hearing was held on various outstanding motions. The following day, the circuit court issued an order granting Boal's "Motion to Strike Plaintiffs' Expert Disclosure."[4]

Petitioners then filed the instant petition for writ of prohibition.

"A writ of prohibition is an extraordinary remedy reserved for extraordinary causes." *State ex rel. Yurish v. Faircloth,* 243 W. Va. 537, ---, 847 S.E.2d 810, 815 (2020) (citing *State ex rel. Vanderra Resources, LLC v. Hummel*, 242 W. Va. 35, 829 S.E.2d 35 (2019) (internal quotations and citations omitted)). "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). The factors to be considered for issuance of a writ of prohibition are well-established:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

With these standards in mind, we turn to the parties' arguments.

---

[4] In addition, the court's order granted the Boal Defendants' motion for leave to amend their answer and found petitioners' motion to compel moot. Finally, the order set a scheduling conference. For purposes of the instant case, these rulings are not at issue.

Petitioners seek a writ of prohibition to restrain the enforcement of the circuit court's August 4, 2020 order striking their expert witness, Charles Russo. Petitioners set forth various arguments in support of their position that the circuit court clearly erred and exceeded its legitimate powers by barring Mr. Russo's testimony at trial.[5] Petitioners further allege that the circuit court's order was insufficient as it was "terse" and did not contain any findings of fact or conclusions of law.

A review of the order at issue clearly bears out petitioners' argument that the order did not contain detailed findings of fact or conclusions of law. With respect to Boal's "Motion to Strike Plaintiffs' Expert Disclosure," the order provided that "[u]pon further consideration and review of the court file, this Court hereby GRANTS" Boal's motion. It is true that, pursuant to Rule 52(a) of the West Virginia Rules of Civil Procedure, the order does not have to contain findings of fact and conclusions of law in order to be effective. Specifically, Rule 52(a) of the West Virginia Rules of Civil Procedure states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or *any other motion* except as provided in subdivision (c) of this rule." (Emphasis added.)

However, this Court has held that in order to conduct a meaningful review of orders similar to one at issue here, findings providing more than a mere grant or denial are necessary. For this reason, we turn our attention to our decision in *State ex rel. Allstate Insurance Company v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998). In *Gaughan*, Allstate Insurance Company sought to restrain the enforcement of discovery orders. However, the orders at issue in that case did not contain any findings of fact or conclusions of law setting forth the circuit court's analysis. After undertaking an extensive review of how other courts had addressed the issue, we held that:

> A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders.

Syl. Pt. 6, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998).

---

[5] Petitioners contend that the circuit court clearly erred when it presumed that they violated the West Virginia Rules of Civil Procedure by not producing an expert report during discovery. In addition, petitioners contend that the circuit court exceeded its legitimate powers by summarily barring their expert from trial: (1) without any evidence of prejudice; (2) without any finding that they had violated a court order; and (3) before a trial date was scheduled.

4

Following our decision in *Gaughan,* we have issued decisions in cases seeking extraordinary relief in which petitioners had made one or more requests to the circuit court for an order with detailed findings of fact and conclusions of law. *See State ex rel. Massachusetts Mut. Life Ins. Co. v. Sanders*, 228 W. Va. 749, 724 S.E.2d 353 (2012); *State ex rel. Navient Solutions, LLC v. Wilson*, 2020 WL 2765857 (W. Va. May 27, 2020). We have also considered cases in which those seeking extraordinary relief did not inform the circuit court of their intent to file a request for extraordinary relief and/or request an order containing findings of fact and conclusions of law. In a more recent case, we denied requests for extraordinary relief when a petitioner failed to inform the circuit court of its intent to file a petition for extraordinary relief and failed to request a detailed order. *See State ex rel. Vanderra Resources, LLC v. Hummel,* 242 W. Va. 35, 829 S.E.2d 35 (2019). In *Vanderra*, petitioner sought extraordinary relief after its motion for summary judgment was denied. However, petitioner failed to request a detailed order before filing its petition with this Court. In denying the requested relief, we noted that the petitioner had failed to fulfill its obligations pursuant to Syllabus Point 6 in *Gaughan.* This failure left this Court with "no means to ascertain the rationale underlying" the circuit court's denial of summary judgment. *Id* at 44, 829 S.E.2d at 44.[6]

In the instant case, petitioners seek extraordinary relief based upon a non-appealable interlocutory order. However, petitioners did not inform the circuit court of their intent to seek this extraordinary writ nor did petitioners request an order containing findings of fact and conclusions of law that support the circuit court's decision. We are not persuaded by petitioners' argument that they did not comply with the obligations set forth in *Gaughan* and confirmed in *Vanderra* because they did not believe that the circuit court would enter a substantive order. The obligations imposed in *Gaughan* are clear. A party seeking an extraordinary writ based upon a non-appealable interlocutory decision must: (1) request the trial court enter an order containing findings of fact and conclusions of law that support and form the basis of its decision; and (2) inform the trial court that the request is being made because it intends to seek an extraordinary writ to challenge the court's ruling. Syl. Pt. 6*, State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998).

The petitioners ask this Court to speculate as to why the circuit court granted the motion striking their expert. One of the arguments advanced by petitioners is that the circuit court was operating under "some vague notion that the West Virginia Rules of Civil Procedure require Plaintiff to provide a detailed expert report." However, the Motion to Strike contained at least two arguments that the circuit court may have relied upon in granting the motion: (1) the untimeliness of the disclosure; and (2) the deficiencies in the disclosure. Without an order containing findings

---

[6] We acknowledge that, in *State ex rel. Nationwide Mut. Ins. Co. v. Marks*, 223 W. Va. 452, 676 S.E.2d 156 (2009), this Court found an order complete and able to withstand the scrutiny in an action requesting extraordinary relief despite the petitioner not making a request pursuant to *Gaughan.* We also acknowledge that in *River Riders, Inc. v. Steptoe,* 223 W. Va. 240, 672 S.E.2d 376 (2008), we proceeded to consider the maritime issue before the court because it concerned a distinct issue of law involving the interpretation and application of a federal statute. However, in light of the Court's subsequent holding in *Vanderra*, and the lack of detailed findings of fact and conclusions of law by the circuit court in the present case, we are unable to conduct a sufficient review of the reasons for the circuit court's determination.

of fact and conclusions of law that support and form the basis of the circuit court's decision, this Court cannot conduct a meaningful appellate review.

Our holding in *Gaughan* is dispositive in this case. We will not speculate as to the reason or reasons that the circuit court granted Boal's motion. It is clear that there were multiple arguments advanced that may have been relied upon by the circuit court in its decision. The failure of petitioners to inform the circuit court of their intent to file a petition for extraordinary relief and their failure to request a detailed order has left this Court with no ability to conduct a meaningful appellate review.

For the foregoing reasons, we find that the record in this case does not demonstrate that the circuit court exceeded its legitimate powers when it issued its August 4, 2020 order striking petitioners' expert. Accordingly, we deny the requested writ of prohibition.

Writ Denied.

**ISSUED**: March 17, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

6