IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 22-0386
_____

FILED

**March 6, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA *ex rel.*,
ERx, LLC,
Petitioner

v.

THE HONORABLE JEFFREY D. CRAMER,
Judge of the Circuit Court of Wetzel County,
KAYLA McELDOWNEY, and DEVANN E. DOTY,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT DENIED
_____

Submitted: February 1, 2023
Filed: March 6, 2023

Timothy R. Linkous, Esq.
Dana Hantel, Esq.
Linkous Law, PLLC
Morgantown, West Virginia
Counsel for Petitioner

Walt Auvil, Esq.
Kirk Auvil, Esq.
Anthony Brunicardi, Esq.
The Employment Law Center, PLLC
Parkersburg, West Virginia
Counsel for Respondents,
Kayla McEldowney and
Devann E. Doty

JUSTICE ARMSTEAD delivered the Opinion of the Court.
JUSTICE BUNN, deeming herself disqualified, did not participate in this decision.
JUDGE GREEAR sitting by temporary assignment.

SYLLABUS BY THE COURT

1. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2. "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

3. "A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court

i

set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders." Syl. Pt. 6, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998).

ARMSTEAD, Justice:

In this petition for a writ of prohibition, Petitioner ERx, LLC ("Petitioner") contends that the Circuit Court of Wetzel County "abused its power, exceeded its jurisdiction, and committed clear error" by denying its motion for summary judgment. Petitioner did not inform the circuit court that it intended to seek extraordinary relief; nor did Petitioner request that the circuit court enter an order containing findings of fact and conclusions of law. This Court has held that a party seeking an extraordinary writ based upon a non-appealable interlocutory decision *must*: 1) request that the circuit court enter an order containing findings of fact and conclusions of law; and 2) inform the circuit court that the request is being made because it intends to seek an extraordinary writ to challenge the court's ruling. Syl. Pt. 6, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998). *Accord* Syl. Pt. 8, *State ex rel. Vanderra Resources, LLC v. Hummel*, 242 W. Va. 35, 829 S.E.2d 35 (2019). Because Petitioner failed to comply with these mandatory requirements, we deny its petition for a writ of prohibition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondents Kayla McEldowney and Devann E. Doty ("Respondents") were employed as registered nurses by Wetzel County Hospital when Dr. Mark Samaan began working at the hospital in May of 2018. Respondents allege that Dr. Samaan sexually harassed them and created a sexually hostile work environment. They brought a lawsuit against Dr. Samaan, Wetzel County Hospital, Wetzel County Hospital Association, and Petitioner. According to Respondents' complaint, Dr. Samaan "was employed by

1

[Petitioner] ERx and was assigned to Wetzel County Hospital pursuant to an agreement between ERx and Wetzel County Hospital."[1]

Respondents alleged that Petitioner committed three violations of the West Virginia Human Rights Act, West Virginia Code § 5-11-1 to -20 (2021) ("WVHRA") by 1) creating a sexually hostile work environment; 2) aiding and abetting Dr. Samaan's sexual harassment; and 3) failing to take prompt remedial action against Dr. Samaan and retaliating against Respondents by continuing to expose them to Dr. Samaan's misconduct. Additionally, Respondents asserted two negligence-based claims against Petitioner— negligent hiring and negligent supervision.

At the close of discovery, Petitioner and Wetzel County Hospital filed motions for summary judgment. The circuit court held a hearing and counsel for Petitioner argued that it was entitled to summary judgment on all of Respondents' claims, i.e., the WVHRA claims and the negligence claims. The circuit court did not announce its ruling at the conclusion of the hearing. Twenty days after the hearing, the circuit court's law clerk emailed the parties, informing them that "Defendants [Petitioner] ERx and Wetzel Co[unty] Hospital's respective Motions for Summary Judgment are DENIED. There are genuine issues of fact." Respondents' counsel prepared a proposed order that included

---

[1] Petitioner disputes this contention and states that it was not Dr. Samaan's employer. Instead, Petitioner claims that it entered into an independent contractor agreement with Dr. Samaan. Petitioner does not dispute that it entered into a staffing agreement with Wetzel County Hospital and that it offered Dr. Samaan's services to the hospital pursuant to this agreement.

findings of fact and conclusions of law and circulated this order to opposing counsel. Counsel for Petitioner emailed Respondents' counsel and stated that Petitioner did not agree with the proposed order, arguing that it

> presumes that the Judge is adopting Plaintiffs' perspective on all factual and legal issues, **even though** there is no support for that presumption since Judge Cramer did not give us any indication during the hearing about his thoughts . . . All we have heard after the hearing is a one-line email . . . informing us that Judge Cramer is denying the Motions and that "[t]here are genuine issues of fact." That email does not provide any guidance as to the Judge's findings of fact and conclusions of law, only his ultimate conclusion that there are genuine issues of fact. We obviously need an order with findings of fact and conclusions of law, but I do not know where to begin without more information from the Judge.

(Emphasis in original.)

Five days after Petitioner objected to Respondents' proposed order, counsel for Wetzel County Hospital sent Respondents' counsel a proposed order denying the motions for summary judgment. Wetzel County Hospital's counsel explained that "[t]his order is pretty straight forward and counsel for [Petitioner] ERx and [Wetzel County Hospital] agree to this form of an order." The proposed order contained six sentences and only included one substantive finding: "The Court, having fully considered the arguments set forth in the parties' briefing and at oral argument, FINDS that there are genuine issues of material fact to be resolved with respect to Plaintiffs' claims." This order was signed by all of the parties and entered by the circuit court on May 12, 2022.

3

Following entry of this order, Petitioner filed the instant writ with this Court. By order entered on November 2, 2022, we issued a rule to show cause why Petitioner's writ should not be granted and scheduled this matter for oral argument.

## II. STANDARD OF REVIEW

This Court has stated that "[a] writ of prohibition is an extraordinary remedy reserved for extraordinary causes." *State ex rel. Yurish v. Faircloth*, 243 W. Va. 537, 542, 847 S.E.2d 810, 815 (2020). We set forth the following standard for issuance of a writ of prohibition when it is alleged that a lower court is exceeding its authority:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

4

## III. ANALYSIS

Petitioner has asserted two main arguments in support of its position that it is entitled to a writ of prohibition.[2] However, the threshold, and indeed dispositive, issue before us is whether Petitioner complied with the mandatory duties a party seeking an extraordinary writ based upon a non-appealable interlocutory decision must undertake.

This Court has held that "[a]n order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). We have held that when a party seeks an extraordinary writ based upon a non-appealable

---

[2] Petitioner only challenges the circuit court's denial of its summary judgment motion on Respondents' WVHRA claims. It is not challenging the circuit court's denial of its summary judgment motion on Respondents' negligence claims. Petitioner raises two main arguments on the WVHRA claims. First, Petitioner asserts that Respondents were never Petitioner's employees, therefore, it "is not liable to Respondents for any alleged violation of the WVHRA." Next, Petitioner argues that it is neither an "employer" nor a "person" under the WVHRA because it has fewer than twelve employees in West Virginia. Accordingly, Petitioner argues that it:

> does not qualify as a statutory "employer," as set out in West Virginia Code Section 5-1 l-3(d). Likewise, since [Petitioner] is not a statutory "employer," [Petitioner] also does not meet the WVHRA's definition of a statutory "person," as set out in West Virginia Code Section 5-11-3(a). It follows that [Petitioner] is not subject to liability for an alleged violation of the WVHRA either as an "employer" or as a "person," and the lower court should have granted summary judgment to [Petitioner] on all WVHRA claims.

5

interlocutory decision, the party must request, and the circuit court must prepare, specific findings of fact and conclusions of law:

> A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders.

Syl. Pt. 6, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. at 368, 508 S.E.2d at 85.

In *State ex rel. Vanderra Resources, LLC v. Hummel*, 242 W. Va. 35, 829 S.E.2d 35, this Court reiterated *Gaughan's* holding specifically in the context of a denial of summary judgment.[3] The circuit court in *Vanderra* entered a "brief order" denying several parties' cross-motions for summary judgment. *Id.* at 39, 829 S.E.2d at 39. One party then sought a writ of prohibition, or, alternatively, mandamus relief from this Court, arguing that the circuit court's summary judgment order "was clearly erroneous and an abuse of the court's power because it lacked any factual or evidentiary findings." *Id.* This Court, relying on syllabus point six of *Gaughan*, denied the requested relief and found that

---

[3] In *Gaughan*, we addressed an insurance company's petition for a writ of prohibition that sought to restrain the enforcement of two discovery orders. The two discovery orders did not contain findings of fact or conclusions of law.

the petitioning party "should have informed the circuit court in advance that it intended to file a petition for a writ with this Court and requested a detailed order." *Id.* at 44, 829 S.E.2d at 44. We concluded that without an order

> containing detailed findings explaining the facts and evidence on which the circuit court based its ruling on the substantive issues [Petitioner] now argues, we have no means to ascertain the rationale underlying its denial of summary judgment and determine whether the factors for issuing an extraordinary writ have been met.

*Id.* at 44-45, 829 S.E.2d at 44-45.

In the instant case, Petitioner seeks to prohibit enforcement of the circuit court's order denying summary judgment on Respondents' WVHRA claims. However, Petitioner failed to comply with the two duties we set forth in syllabus point six of *Gaughan*—advising the circuit court that it intended to seek an extraordinary writ to challenge the court's ruling and requesting that the court set forth findings of fact and conclusions of law explaining its ruling. Indeed, we have reiterated these requirements since our holding in *Gaughan*. *See State ex rel. Cherian v. Wilson*, No. 21-0763, 2022 WL 1124916 at *6 (W. Va., April 15, 2022) (memorandum decision) ("In light of petitioners' failure to ensure that the circuit court's order contained findings of fact and conclusions of law explaining its decision to deny their motion to rescind their consent for respondents to supplement their expert witness disclosure and to limit expert testimony, we are unable to determine whether the court's ruling constitutes clear legal error or otherwise warrants a writ of prohibition under the factors set forth in *Hoover*."); *State ex rel. Chafin v. Tucker*, No. 20-0685, 2021 WL 1030320 at *5 (W. Va., Mar. 17, 2021) (memorandum decision)

7

("The failure of petitioners to inform the circuit court of their intent to file a petition for extraordinary relief and their failure to request a detailed order has left this Court with no ability to conduct a meaningful appellate review [of the circuit court's order striking Petitioner's expert and precluding his testimony at trial]."); *State ex rel. Navient Solutions, LLC v. Wilson,* No. 19-0874, 2020 WL 2765857, at *5 (W. Va., May 27, 2020) (memorandum decision) ("[I]t is impossible to determine whether the lower court's action [denying a motion for summary judgment] is 'clearly erroneous' for purposes of issuing a writ of prohibition, where it has presented the Court with no analysis beyond a summary conclusion that there are disputed facts."). Consistent with our ruling in *Gaughan*, *Vanderra*, and multiple cases decided since *Vanderra*, we find that without a detailed order, we are unable to sufficiently evaluate whether the circuit court committed clear legal error for purposes of granting the extraordinary relief requested. Therefore, the petition for a writ of prohibition must be denied.

## IV. CONCLUSION

The petition for a writ of prohibition is denied.

Writ Denied.